UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:10CV2155 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| DAVID K. McCALL, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff United States of America (Plaintiff or United States) has moved for judgment by default (Doc. No. 4) on its Complaint against Defendant Daivid K. McCall (McCall or Defendant). For the reasons that follow, the motion is **GRANTED**.

**Background**

The record shows that on various dates between March 11, 1993 and August 20, 1996, McCall executed promissory notes to secure federal loans. (Doc. No. 1, Compl, Ex. A, Certification of Indebtedness.) These loans were disbursed for $47,549.74. *Id.* The loan obligation was guaranteed by Great Lakes Higher Education Guaranty Corporation (GLHEGC), and then reinsured by the United States Department of Education under its loan guaranty programs authorized under the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.*

McCall defaulted on his loans on September 9, 2000 and September 10, 2000. GLHEGC paid a claim in the amount of $47,549.74, and was then reimbursed for

that claim payment by the Department of Education under its reinsurance agreement. (Ex. A.) On August 16, 2007, the guarantor assigned its rights and title to the loan to the Department of Education. (*Id*.)

The United States filed this collection against McCall, alleging that McCall owes the United States the principal sum of $47,549.74. (Doc. No. 1, Compl. at ¶ 3.) The United States seeks to recover the principal sum owed, plus interest and costs. The Clerk of Courts has entered default (Doc. No. 5), and Plaintiff now seeks a default judgment from the Court.

**Law and Analysis**

Federal Rules of Civil Procedure 55 governs both default entry and default judgment. Rule 55(a) applies to entries of default and provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise the clerk shall enter the party's default." Rule 55(b)(1) permits entry of a default judgment by the clerk under certain circumstances, and Rule 55(b)(2) sets forth the circumstances under which the court may enter a default judgment. *See SGA Global, LLC v. Surface Coatings Co*., 2007 WL 2897847 (E.D. Mich. Sept. 26, 2007).

The evidence attached to Plaintiff's motion demonstrates that Defendant failed to plead or otherwise defend after being properly served with the Complaint and Summons. (*See* Doc. No. 3.) Because entry of default judgment appears proper, on the basis of Plaintiff's motion, this Court will enter default judgment in Plaintiff's favor against Defendant.

It is therefore **ORDERED**, **ADJUDGED** and **DECREED** that Defendant must pay to the United States the sum of $73,602.23, representing the principal of the debt plus interest through October 27, 2010, court costs of $350, plus interest to the date of judgment at 3.27 percent per annum, and interest from the date of judgment at the legal rate in effect on the date of judgment until paid in full.

**IT IS SO ORDERED**.

Dated: November 29, 2010

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**